UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Robert Wagner, | Court File No. 0:24-cv-01302 |
| Plaintiff, | |
| v. | **DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT** |
| U.S. Bancorp, | |
| Defendant. | |

In further support of its Motion to Dismiss and Brief in Support (ECF. No. 10) (the "Motion to Dismiss"), Defendant U.S. Bank National Association[1] ("U.S. Bank" or "Defendant") files this Reply to Plaintiff Robert Wagner's ("Plaintiff") Memorandum of Law in Opposition to Defendant's Motion to Dismiss (ECF. Nos. 19-20) (the "Response").[2]

## I.
## THE RESPONSE CONFIRMS THIS LAWSUIT SHOULD BE DISMISSED

The Response is nothing more than a rehashing of the fatally flawed claims in Plaintiff's Complaint, which have been roundly rejected. Notwithstanding such, the Response does nothing to save Plaintiff's claims from dismissal based on Defendant's arguments in the Motion to Dismiss. Consequently, the Response lacks merit and this lawsuit should be dismissed.

---

[1] Plaintiff erroneously named Defendant "as "U.S. Bancorp" in the Complaint.  Plaintiff references "US Bank Accounts No. [******]6377 and [******]1613." See Complaint ¶ 16, its Exs. 1, 3. These are U.S. Bank accounts by Plaintiff's own admissions.

[2] Plaintiff filed two documents entitled "Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss." See ECF Nos. 19-20. These documents appear to be identical and duplicate filings, therefore this Reply refers to ECF Nos. 19 and 20 collectively as the "Response."

**REPLY IN SUPPORT OF MOTION TO DISMISS**                                                                        **PAGE 1**

A.   **PLAINTIFF'S SOVEREIGN CITIZEN CLAIMS ARE INDISPUTABLY MERITLESS**

As set forth in the Motion to Dismiss, Plaintiff's claims fail because his sovereign citizen arguments and theories are patently frivolous. *See* Motion to Dismiss at pp. 5-7. Despite his arguments to the contrary, Plaintiff's Complaint contains numerous hallmarks of a "sovereign-citzen-esque" complaint. Such characteristics include but are not limited to:

- Principal/Agent designations for the same plaintiff. *See e.g. Alvin Stephon Demiro Carter v. Texas,* No. 3:23-CV-2578-L-BN, 2023 WL 8868495, at *1 (N.D. Tex. Dec. 22, 2023); *Chineme v. Uzo,* No. 3:21-CV-1871-KBK, 2021 WL 4596348, at *1 (N.D. Tex. Sept. 19, 2021), *report and rec. adopted sub nom. Chineme v. Charles Uzo of the Maduka Fam.,* No. 3:21-CV-1871-K-BK, 2021 WL 4593442 (N.D. Tex. Oct. 6, 2021);

- Redemption theory allegations. *See e.g. Bryant v. Washington Mut. Bank,* 524 F. Supp. 2d 753, 760 (W.D. Va. 2007), *aff'd*, 282 F. App'x 260 (4th Cir. 2008); *McClain v. I-10 Mac Haik CDJR Ltd.,* No. 4:21-CV-3240, 2023 WL 361554, at *2 (S.D. Tex. Jan. 23, 2023); and

- Rejected claims based on similar "generally accepted accounting principles ("GAAP")" and/or "double entry accounting." *See e.g. Patten v. Lown,* No. 2:20-CV-605-FTM-66MRM, 2020 WL 8461564, at *3 (M.D. Fla. Sept. 10, 2020), *report and rec. adopted,* No. 2:20-CV-605-JLB-MRM, 2021 WL 236630 (M.D. Fla. Jan. 25, 2021) (dismissing the plaintiff's complaint as "patently frivolous and any attempt at amendment would be futile" when based on, among other things, GAAP theories); *Carrie,* 2013 WL 704943, at *3 (finding that similar allegations failed to state a plausible claim under Texas or federal law); *Ortiz v. Wells Fargo Bank, N.A.,* No. 3:11–CV–2131–N, 2011 WL 6097857, at *2 (N.D. Tex. Oct. 2011), *rec. adopted,* 2011 WL 6058034 (N.D. Tex. Nov. 30, 2011) (same); *Mosby v. Bank of Am., N.A.,* No. 3:14-CV-0422-G BH, 2014 WL 7466801, at *5 (N.D. Tex. Jan. 5, 2014) (same).

In the Motion to Dismiss, Defendant cited numerous cases in Minnesota, and elsewhere, which have dismissed the same or similar allegations as those in Plaintiff's Complaint as meritless and frivolous. *See* Motion to Dismiss, pp. 5-7; *Kiewel v. Hickok,* No. 20-CV-1395 (ADM/LIB), 2020 WL 13748452, at *6 (D. Minn. June 30, 2020), *report*

*and recommendation adopted,* No. CV 20-1395 (ADM/LIB), 2020 WL 13748451 (D. Minn. July 16, 2020) (collecting cases). Plaintiff wholly fails to address this abundance of case law in the Response. *See generally* Response. Instead, Plaintiff regurgitates the conclusory and vague allegations from the Complaint into the Response, as well as lists case citations through with no explanation, which is insufficient to withstand a motion to dismiss.

Moreover, Plaintiff attempts to add new, yet still patently meritless, claims to his Complaint by way of his Response relating to a purportedly "authoritative resource" produced by the Federal Reserve Bank of Chicago entitled "Modern Money Mechanics." Response, p. 5-6. This purported resource, however, has been roundly rejected by Courts across the nation. As an Alabama Court of Appeals described it, "Modern Money Mechanics" is apparently a "booklet titled Modern Money Mechanics, A Workbook on Bank Reserves and Deposit Expansion, and, as the introduction states, it describes 'the basic process of money creation in a 'fractional reserve' banking system'" but "fails to indicate that the foreclosure of the property was improper or that [the lender] did not have valid title to the property." *Ballentine v. Alabama Farm Credit, ACA*, 138 So. 3d 1005, 1011 (Ala. Civ. App. 2013). Likewise, at least one federal court has referred to it as, among other things, a "questionable source." *Blas v. Bank of Am. N.A.*, No. 3:20-CV-00271-RRB, 2021 WL 4433166, at *6 (D. Alaska Sept. 27, 2021), *aff'd*, No. 21-35832, 2023 WL 4703173 (9th Cir. July 24, 2023). Courts have likewise held that allegations based on this publication "do not explain or provide a legal or factual basis upon which Plaintiffs can obtain relief." *Steiniger v. Gerspach*, No. CV-10-8087-PCT-GMS, 2010 WL 2671767, at

*3 (D. Ariz. July 2, 2010); *see also Aspenlind v. Am.'s Servicing Co.*, No. 2:07-CV-0768-GEB-EFB-PS, 2008 WL 686596, at *5 (E.D. Cal. Mar. 13, 2008) *report and recommendation adopted*, No. 2:07-cv-00768-GEB-EFB, Doc. No. 17 (March 13, 2008) (dismissing case with prejudice and holding that "plaintiff's claims, and arguments in opposition to dismissal, are patently frivolous" where plaintiff relied upon Modern Money Mechanics, among other things.); *Wilson v. US Bank Nat'l Ass'n*, No. 22-CV-3584 (DLF), 2023 WL 9468250, at *1 (D.D.C. Feb. 8, 2023) (dismissing case with prejudice because "None of these statements [in Modern Money Mechanics] is a factual allegation suggesting that the defendants lacked a right to foreclose on the plaintiff's home—for example, as a successor-in-interest on the mortgage—or that they did so through fraudulent means."); *Przybylski v. Stumpf*, No. CV-10-8073-PCT-GMS, 2010 WL 2025393, at *1 (D. Ariz. May 19, 2010) (holding that quotations by the plaintiff from Modern Money Mechanics "while somewhat interesting, do not demonstrate 'by a clear showing' that Plaintiff is entitled to relief.").

Nor may Plaintiff attempt to add purported claims to his Complaint by way of his Response to the Motion to Dismiss. "[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (quotation omitted). "Any allegations made in subsequent legal memoranda cannot correct inadequacies within a complaint." *Tuttle v. Lorillard Tobacco Co.*, 118 F. Supp. 2d 954, 959 (D. Minn. 2000). "To hold otherwise would mean that a party could unilaterally amend a complaint at will." *Morgan Distrib. Co.*, 868 F.2d at 995 (citation omitted). "The Court does not consider new factual

allegations included in Plaintiff's Response." *See Hari v. Smith*, No. 20-CV-1455 (ECT/TNL), 2022 WL 1122940, at *9 (D. Minn. Jan. 31, 2022), *report and recommendation adopted,* No. 20-CV-1455 (ECT/TNL), 2022 WL 612100 (D. Minn. Mar. 2, 2022). This Court should likewise decline to consider the new allegations in Plaintiff's Response. Plaintiff's Complaint, and each claim therein, should therefore be dismissed.

### B.  PLAINTIFF'S CLAIMS OTHERWISE STILL FAIL

Overall, Plaintiff's Complaint is nothing more than a collection of conclusory allegations masquerading as factual allegations. In addition to the technical deficiencies set forth in the Motion to Dismiss, Plaintiff's meager factual allegations themselves cannot support any of Plaintiff's claims.

#### 1.  Plaintiff's Contract-Based Claims Lack Merit.

In the Response, Plaintiff admits that "the specific provision [purportedly violated by U.S. Bank] may not explicitly exist[]" and that "Plaintiff's requests for verification and transparency … [are] not explicitly detailed in the written contract." Response, pp. 9-10. This admission alone dooms Plaintiff's contract-based claims. Plaintiff claims in his Response that even though there is no provision in any contract he may have with U.S. Bank requiring it to respond to the First Notice or the Second Notice (or any other action or inaction by U.S. Bank), U.S. Bank still somehow breached the implied duty of good faith and fair dealing. However, "a cause of action for good faith and fair dealing cannot exist independent of the underlying breach of contract claim." *Orthomet, Inc. v. A.B. Med., Inc.,* 990 F.2d 387, 392 (8th Cir. 1993); *see also Medtronic, Inc. v. ConvaCare, Inc.,* 17 F.3d 252, 256 (8th Cir. 1994). Further, "Minnesota does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing based on terms not included

in the contract." *Metro. Transportation Network, Inc. v. Collaborative Student Transportation of Minnesota, LLC*, No. A23-0644, 2024 WL 1610008, at *6 (Minn. Ct. App. Apr. 15, 2024). Plaintiff has admitted that there are no explicit provisions in the written contract requiring U.S. Bank to respond to the notices. Response, pp. 9-10. Therefore, Plaintiff has not, and cannot, state any contract-based claim.

Moreover, Plaintiff admits that U.S. Bank responded to both the First Notice and Second Notice. *See* Complaint ¶¶ 12 ("Plaintiff received documents from Defendant in response to the first Notice. . . ."); 17 ("Plaintiff received an Acknowledgement Letter from Defendant. . . ."); *see also* Response p. 12 ("The Plaintiff has provided detailed allegations showing that U.S. Bank responded inadequately to the First Notice and Second Notice . . . ."). Thus, not only does Plaintiff admit that U.S. Bank had no contractual duty to respond to either of the Notices, but he also admits that U.S. Bank did, in fact, respond to both of them. *Id*. Plaintiff provides no support for his claim that a subjectively "inadequate" response to Plaintiff's inane requests results any liability, contractually or otherwise, as to U.S. Bank.[3] Defendant's Motion to Dismiss should therefore be granted.

### 2. Plaintiff's Unfair Business Practice Claim Lacks Merit.

In its Motion to Dismiss, U.S. Bank points out that Plaintiff has provided no factual allegations to support a claim for unfair business practices, nor has Plaintiff provided any

---

[3] It is also worth noting that Plaintiff's contract-based allegations are contradictory. Plaintiff asserts a breach of contract claim and breach of implied covenant of good faith and fair dealing, but also "challenges the adequacy of the consideration provided" which he admits is a "critical element in determining the validity of the contract." Response, p. 14. Indeed, the case that Plaintiff cites to in support of his "lack of consideration" claim specifically states "Minnesota does not recognize a claim for breach of contract when the alleged breach is a failure to form the contract due to lack of consideration" and "[w]hen there is a lack of consideration, no valid contract is ever formed." *Metro. Transportation Network, Inc. v. Collaborative Student Transportation of Minnesota, LLC*, No. A23-0644, 2024 WL 1610008, at *6 (Minn. Ct. App. Apr. 15, 2024). Plaintiff further alleges that U.S. Bank acquiesced to a contract by silence (Response, p. 11), but also claims that "U.S. Bank did not remain silent." *Id*., p. 12.

legal basis for a claim against U.S. Bank for an unfair business practice. Motion to Dismiss, pp. 11-13. Like his Complaint, Plaintiff's Response is simply vague and conclusory allegations that do not provide any factual or legal support for Plaintiff's unfair business practice claim against U.S. Bank. Plaintiff admits that his claim is "not limited to TILA violations" but alleges that the claims "encompass[es] broader unfair business practices" based on "U.S. Bank's overall conduct and failure to meet standards of transparency and fairness." Response, p. 16. However, Plaintiff does not set forth, either in the Complaint or the Response, what those standards are or why U.S. Bank's conduct purportedly failed to meet these unspecified standards. *Id*. Therefore, the Motion to Dismiss should be granted.

### 3. Plaintiff's Estoppel Claim Lacks Merit.

In the Complaint, Plaintiff vaguely asserts a claim for estoppel but fails to allege any promise made by U.S. Bank that an estoppel claim could plausibly be based upon. *See generally* Complaint. In his Response, Plaintiff, for the first time, claims that "U.S. Bank made implicit promises through their responses to the notices and ongoing communication. . . ." Response, p. 16. As an initial matter, these new allegations should not be considered by the Court in ruling on the Motion to Dismiss because Plaintiff raised them for the first time in his Response. *See Tuttle*, 118 F. Supp. 2d at 959; *Morgan Distrib. Co.*, 868 F.2d at 995. Additionally, these bare-bones, threadbare and conclusory allegations that U.S. Bank made unspecified promises without any further factual enhancement do not go beyond mere labels and conclusions, are not entitled to the presumption of truth, and are not sufficient to state a claim and to withstand a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to

state a claim for estoppel, the promise relied upon must be "clear and definite" and "requiring that the promisor should reasonably expect to induce action or forbearance on the part of the promise." *Martens v. Minnesota Min. & Mfg. Co.*, 616 N.W.2d 732, 746 (Minn. 2000). Plaintiff's vague claims that U.S. Bank made unspecified "implicit promises" are insufficient.

Moreover, promissory estoppel is "'wholly inapplicable' to a situation in which an actual contract existed." *Hovey v. Rooney*, No. A07-0917, 2008 WL 933529, at *5 (Minn. Ct. App. Apr. 8, 2008) (quoting *Del Hayes & Sons, Inc. v. Mitchell,* 304 Minn. 275, 283, 230 N.W .2d 588, 593 (1975)). Because Plaintiff admits that there is a contract, promissory estoppel is not available to him. The Response does nothing to save this claim, and the Motion to Dismiss should be granted.

### 4. Plaintiff's Remaining Claims Lack Merit

In Counts IV and V, Plaintiff claims that U.S. Bank's "[l]ack of evidence demonstrating a legitimate financial loss raises doubts about the validity of the claimed debt" (Complaint ¶ 51) and that he has "raise[d] legitimate questions about the Defendant's assertion of holder in due course status" (*id*., ¶ 56). In the Response, Plaintiff simply rehashes these vague and conclusory allegations, and therefore these claims should be dismissed.

### 5. Plaintiff is Not Entitled to The Relief Requested.

In the Complaint, Plaintiff requests that the Court remove, release and/or revoke all of U.S. Bank's "rights, titles, and interest" in the Property and/or the subject mortgage loan, and for declaratory and injunctive relief. *See* Complaint, ¶¶ 75-79; *see also* Response, pp.

18-23. However, nowhere in the Complaint or the Response has Plaintiff provided a basis for this requested relief. Indeed, the Response is nothing more than a regurgitation of the ill-conceived claims in the Complaint.

### C.  DISMISSAL WITH PREJUDICE IS APPROPRIATE

In his Response, Plaintiff appears to request leave to amend his Complaint should the Court grant U.S. Bank's Motion to Dismiss. Response, p. 23. However, Plaintiff does not include any proposed amendment as required by Local Rule 15.1 *See* LR 15.1 ("Any motion to amend a pleading must be accompanied by: (1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows — through redlining, underlining, strikeouts, or other similarly effective typographic methods — how the proposed amended pleading differs from the operative pleading."); *see also Reuben v. Ziemer*, No. 23-CV-3423 (NEB/ECW), 2024 WL 1537803, at *2 (D. Minn. Apr. 9, 2024) (denying motion to amend "for failure to comply with Local Rule 15.1 . . . ."). Though Plaintiff is a *pro se* litigant, he still must abide by federal and local rules. *See Truong v. Collins Aerospace Sys.*, No. CV 23-1346 (JRT/DLM), 2024 WL 2412052, at *2 (D. Minn. May 23, 2024).

Moreover, Plaintiff's "complaint is so deficient or defective that . . . its defects cannot be cured through re-pleading, [and] dismissal with prejudice is appropriate." *Christensen v. PennyMac Loan Servs., LLC*, 988 F. Supp. 2d 1036, 1046 (D. Minn. 2013). Claims similar to Plaintiff's have been routinely dismissed with prejudice. *See e.g. Tokarz v. Mortg. Elec. Registration Sys., Inc.*, No. 17-CV-1022 (WMW/KMM), 2017 WL 5564557, at *1 (D. Minn. Nov. 17, 2017); *Schwagerl v. Fed. Nat. Mortg. Ass'n*, No. CIV. 11-3578 DWF/JJK, 2012 WL 2060636, at *7 (D. Minn. Apr. 11, 2012), *report and*

*recommendation adopted,* No. CIV. 11-3578 DWF/JJK, 2012 WL 2054988 (D. Minn. June 7, 2012). Consequently, the Court should grant U.S. Bank's Motion to Dismiss and dismiss Plaintiff's claims in their entirety with prejudice.

## II.
## CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court grant its Motion to Dismiss, dismiss Plaintiff's claims with prejudice, and grant Defendant such other and further relief, in law or in equity, to which it is justly entitled.

Respectfully submitted,

Dated June 12, 2024

/s/ Elizabeth Hayes
**Elizabeth Hayes**
*Admitted Pro Hac Vice*
**POLSINELLI PC**
2950 N. Harwood Street, Suite 2100
Dallas, TX 75201
T: (214) 397-0030/F: (214) 397-0033
Email: ehayes@polsinelli.com

**Richard A. Glassman**, MN#146274
**GLASSMAN LAW FIRM**
222 S. Ninth Street, Suite 1600
Minneapolis, Minnesota 55402
Telephone: (612) 337-9559
Email: rglassman@rglassmanlaw.com

**Attorneys for U.S. Bank National Association**

**CERTIFICATE OF SERVICE**

    I, Elizabeth Hayes, an attorney, certify that true and correct copy of this Reply in Support of Motion to Dismiss was served upon all counsel and/or parties via the Court's CM/ECF system pursuant to the Federal Rules of Civil Procedure on this 12th day of June 2024.

    /s/ *Elizabeth Hayes*
    Attorney for Defendant