# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Robert Wagner, | Case No. 24-cv-1302 (SRN/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| U.S. Bancorp, | |
| Defendant. | |

Robert Wagner, 18111 203rd Avenue NW, Big Lake, MN 55309, Pro Se.

Elizabeth Hayes, Polsinelli PC, 2950 N. Harwood Street, Suite 2100, Dallas, TX 75201, and Richard A. Glassman, Glassman Law Firm, 80 S. Eighth Street, Suite 900, Minneapolis, MN 55402, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Defendant's Motion to Dismiss [Doc. No. 10].[1] Based on a review of the files, submissions, and proceedings herein, and for the reasons stated below, the Court grants the motion.

---

[1] The Defendant asserts that U.S. Bank National Association, a subsidiary company of U.S. Bancorp and holder of the underlying contract and bank accounts in question, is the proper named defendant in this action. (Notice of Removal [Doc. No. 3] at 1 n.1; Corporate Disclosure Statement [Doc. No. 2].) Mr. Wagner does not dispute this assertion, and the Court accordingly considers U.S. Bank National Association to be the Defendant for the purposes of this Order.

I.     BACKGROUND

A.     Facts

Plaintiff Robert Wagner and the Defendant, U.S. Bank National Association ("U.S. Bank"), entered into a mortgage loan contract on November 22, 2019. (Notice of Removal Ex. B ("Compl.") ¶¶ 6–7.) The mortgage loan contract provided for a mortgage on Mr. Wagner's home, located at 18111 203rd Avenue Northwest, Big Lake, MN 55309. (*Id*. at 6 ¶ c.)

On September 27, 2023, Mr. Wagner mailed a document request, titled "Notice of Conditional Acceptance and Offer to Perform," along with a document titled "Affidavit of Facts: Verification & Validation of Debt," to U.S. Bank. (*Id*. ¶ 8.) The document request demanded information about certain bank accounts in Mr. Wagner's name, the authenticity and accuracy of his mortgage loan contract, and his related debt. (*Id*. ¶ 11; *id*. Ex. 1.) It demanded this information pursuant to "Generally Accepted Accounting Principles (GAAP)," and the accompanying Affidavit of Facts was comprised of various theories asserting the invalidity of the underlying mortgage loan contract due to U.S. Bank's use of "consumer notes" to fund charges to the account. (*See generally id*.; *id*. Ex. 1.)  It further demanded proof that U.S. Bank possessed the "original note with a wet ink signature." (*Id*. Ex. 1.) On October 13, 2023, U.S. Bank mailed back a photocopy of the contract in question. (*Id*. ¶¶ 13, 26; *see id*. Ex. 3.)

On November 29, 2023, Mr. Wagner mailed a second document request to U.S. Bank. (*Id*. ¶ 14.) In this request, he acknowledged his receipt of the copy of the mortgage loan contract. (*Id*. Ex. 3.) He again demanded that U.S. Bank provide him with the original

mortgage loan contract for his inspection, along with proof that it was supported by adequate consideration "in accordance with GAAP." (*Id*.) On December 7, 2023, U.S. Bank mailed Mr. Wagner copies of account statements from the two U.S. Bank accounts identified in his first document request. (*Id*. ¶ 16.) On December 10, 2023, U.S. Bank mailed Mr. Wagner a letter acknowledging the various correspondences. (*Id*. ¶ 17.)

### B.    Procedural Posture

Mr. Wagner initially filed this lawsuit in Sherburne County District Court, Minnesota, on March 8, 2024. In the Complaint, he alleges eight causes of action: 1) Breach of the Implied Covenant of Good Faith and Fair Dealing; 2) Breach of Implied Contract from Acquiescence; 3) Lack of Consideration; 4) Failure to Prove Bona Fide Loss; 5) Lack of Bona Fide Holder Status; 6) Unfair Business Practice; 7) Estoppel; and 8) Removal, Release, and Revocation of Lender's Rights, Titles, and Interest. (*Id*. ¶¶ 31–79.) Ultimately, he asks the Court to issue a declaration that his debt under the mortgage contract loan is invalid and unenforceable, and to order U.S. Bank to transfer to Mr. Wagner the certificate of title to his home, in addition to granting restitution and damages. (*Id*. ¶¶ a–f.)

On April 11, 2024, U.S. Bank removed the matter to this Court, and on May 2, 2024, it filed this motion to dismiss. It moves for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Mot. to Dismiss [Doc. No. 10].)

## II.     DISCUSSION

### A.     The Law

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts the facts alleged in the complaint as true and views those allegations in the light most favorable to the plaintiff. *See Dormani v. Target Corp.*, 970 F.3d 910, 914 (8th Cir. 2020). However, the Court need not accept as true wholly conclusory allegations or legal conclusions couched as factual allegations. *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013); *also Christopherson v. Bushner*, 33 F.4th 495, 499 (8th Cir. 2022) ("Naked assertions devoid of further factual enhancement do not suffice, nor do threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.").

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a plaintiff need not allege facts in painstaking detail, the facts alleged must have enough specificity "to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555. "This standard demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Kulkay v. Roy*, 847 F.3d 637, 642 (8th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678). While the Court construes a *pro se* party's pleadings liberally, a *pro se* complaint must still allege sufficient facts to support the claims advanced. *Sandknop v. Missouri Dep't of Corrs.*, 932 F.3d 739, 742 (8th Cir. 2019).

The Court ordinarily does not consider matters outside of the pleadings on a Rule 12(b)(6) motion, but it may consider exhibits attached to the complaint along with materials

that are necessarily embraced by the pleadings. *Buckley v. Hennepin County*, 9 F.4th 757, 760 (8th Cir. 2021).

### B.      The Claims Are Frivolous as a Matter of Law

At the heart of Mr. Wagner's Complaint is an attempt to extinguish his underlying mortgage debt. He challenges the validity of the mortgage loan contract itself, based on U.S. Bank's alleged failure to verify the validity of the debt by producing the original contract with a "wet ink signature." Courts routinely dismiss this type of "show-me-the-note" action as frivolous.[2] *See, e.g.*, *Baker v. Huntington National Bank*, 3:23-cv-358, 2024 WL 361663, at *2–3 (S.D. Ohio Jan. 31, 2024); *Saint-Ulysse v. Great Lakes Educ. Loan Servs., Inc.*, No. 21-cv-14677, 2023 WL 451845, at *3 (D.N.J. July 14, 2023); *Brown v. Exeter Finance LLC*, No. 3:21-cv-169, 2021 WL 4342336, at *3–4 (N.D. Tex. Aug. 27, 2021), *report and recommendation adopted*, 2021 WL 4319666 (N.D. Tex. Sept. 23,

---

[2]      While Mr. Wagner objects to any characterization of himself as a sovereign citizen, the Complaint is replete with theories and terminology common to the sovereign citizen movement. These include the use of mailed notices and "affidavits of fact" to attempt to extinguish a debt, vague references to "GAAP," demands to provide an original "wet ink" copy of a note in order to prove the validity of a debt, and general references to agency theory. (*See generally* Compl.; Compl. Exs. 1–3.)  Courts around the country, including within this district, find claims based on such theories to lack merit. *See Kiewel v. Hickok*, No. 20-cv-1395, 2020 WL 13748452, at *6 (D. Minn. June 30, 2020) (observing that, regardless of how characterized, every court to consider arguments based on sovereign citizen theories has found them to be "meritless, absurd, and entirely frivolous"); *In re Wallace*, No. 24-br-315, 2024 WL 3648551, at *4 (N.D. Iowa Aug. 2, 2024) ("While Debtors deny they are 'sovereign citizens', their arguments are identical to those that are routinely made by sovereign citizens that have been repeatedly rejected by every court addressing them . . . Debtors argue, despite the fact they signed notes and received money from MWO, that MWO is falsely claiming to have loaned money to Debtors.").

2021); *Sepehry-Fard v. MB Financial Servs.*, 13-cv-2784, 2015 WL 903364, at *8 (N.D. Cal. Mar. 2, 2015).

The Court finds that Mr. Wagner's claims calling into question the actual validity of his debt are meritless. *See Patten v. Lown*, No. 2:20-cv-605, 2020 WL 8461564, at *3 (M.D. Fla. Sept. 10, 2020), *report and recommendation adopted*, 2021 WL 236630 (M.D. Fla. Jan. 25, 2021) (dismissing the complaint as "patently frivolous" such that "any attempt at amendment would be futile" when based on, among other things, GAAP theories); *also Baker*, 2024 WL 361663, at *2–3 (dismissing with prejudice a complaint demanding that a bank "show it is the holder in due course," provide a note with a "wet signature," and prove the validity of a debt pursuant to "GAAP" principles). The Court finds that these claims are patently frivolous, and that any amendment would be futile. *See Neitzke v. Williams*, 490 U.S 319, 325 (1989) ("[A] complaint . . . is frivolous where it lacks an arguable basis either in law or fact.").

### C.     The Claims Otherwise Fail under Minnesota Law

To the extent that the Complaint states any causes of action which are cognizable under Minnesota contract law, it fails to plausibly state a claim upon which relief can be granted.[3]

Mr. Wagner's claim that U.S. Bank breached the implied covenant of good faith and fair dealing fails, because Minnesota does not recognize such a claim based on terms or obligations not included in the contract at issue. "The implied covenant of good faith and

---

[3]     Neither party disputes that Minnesota law applies in this case.

fair dealing—which requires in every contract that one party not unjustifiably hinder the other party's performance of the contract—does not extend to actions beyond the scope of the underlying contract." *Metro. Transportation Network, Inc. v. Collaborative Student Transportation of Minnesota, LLC*, 6 N.W.3d 771, 782 (Minn. Ct. App. 2024), *review denied* (July 23, 2024). Here, Mr. Wagner has not alleged any facts suggesting that his performance of any obligation under that contract was in any manner hindered by U.S. Bank. He therefore fails to plausibly allege that U.S. Bank breached the implied covenant of good faith and fair dealing under Minnesota law.

Mr. Wagner further appears to allege that U.S. Bank breached the mortgage loan contract by failing to provide adequate consideration. However, that theory is foreclosed by Minnesota law, because "the absence of consideration is fatal to the formation of a contract, without which no breach can exist." *Id*. To the extent that he argues the alleged lack of adequate consideration renders the contract invalid, the Court finds that he has not alleged facts sufficient to support such a claim.

Mr. Wagner's additional claim, that U.S. Bank breached an implied contract created through his correspondence with U.S. Bank, also fails as a matter of law. Under Minnesota law, a complaint must allege an offer, acceptance, and consideration to sufficiently plead the existence of an implied contract. *Carufel v. Minnesota Dep't of Public Safety*, A18-0476, 2018 WL 6596287, at *8 (Minn. Ct. App. Dec. 17, 2018); *see Commercial Assocs., Inc. v. Work Connection, Inc.*, 712 N.W.2d 772, 782 (Minn. Ct. App. 2006). He alleges only that "Defendant, by engaging in private correspondence, implicitly agreed to

cooperate and provide relevant information." (Compl. ¶ 39.) Accordingly, the Complaint fails to plausibly allege an implied contract. *See Careful*, 2018 WL 6596287, at *8.

Mr. Wagner alternatively asserts an estoppel claim, based on his alleged reliance upon U.S. Bank's implied consent or acquiescence to his two document requests. "Promissory estoppel is an equitable doctrine that implies a contract in law where none exists in fact." *Martens v. Minnesota Min. & Mfg. Co.*, 616 N.W.2d 732, 746 (Minn. 2000) (cleaned up). To state a claim for promissory estoppel, a plaintiff must show that: (1) there was a clear and definite promise; (2) the promisor intended to induce reliance and such reliance occurred; and (3) the promise must be enforced to prevent injustice. *Park Nicollet Clinic v. Hamann*, 808 N.W.2d 828, 834 (Minn. 2011).

In this case, there is no allegation that U.S. Bank made any clear and definite promise to Mr. Wagner in response to his two document requests, nor that U.S. Bank intended to induce Mr. Wagner's reliance on any such promise. The only U.S. Bank communications at issue are letters (1) providing him with a photocopy of his underlying contract, (2) providing him with his account statements, and (3) acknowledging their various correspondences. (Compl. ¶¶ 13, 16, 17, 26.) Accordingly, the Complaint fails to state a claim for promissory estoppel under Minnesota law.

Finally, Mr. Wagner alleges that U.S. Bank, by failing to adequately respond to the two document requests, engaged in unfair business practices. Mr. Wagner does not invoke any statute, contract, or common law cause of action underlying this claim. In his response to U.S. Bank's motion to dismiss, Mr. Wagner explains that this claim is based on "broader principles of unfair business practices, which include failure to act in good faith and

provide necessary disclosures." (Def. Mem. in Opposition [Doc. No. 20] at 15.) To the extent that Mr. Wagner's unfair business claim is rooted in some provision of law, the Court finds that it fails to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 545.

Because the Court finds that the Complaint fails to state any claim upon which relief can be granted, and that the claims pleaded are frivolous such that any amendment would be futile, the Complaint is dismissed with prejudice. *Knowles v. TD Ameritrade Holding Corp.*, 2 F.4th 751, 758 (8th Cir. 2021).

## III.   ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1.   The Motion to Dismiss [Doc. No. 10] filed by U.S. Bank is **GRANTED**; and

2.   The Complaint is **DISMISSED with Prejudice.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 4, 2024                    /s/ Susan Richard Nelson
                                          SUSAN RICHARD NELSON
                                          United States District Judge